Deborah L. Schrier-Rape
Texas State Bar No. 00785635
Jason S. Brookner (JB 6166)
ANDREWS & KURTH L.L.P.
1717 Main Street
Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

Paul N. Silverstein (PS 5098)
ANDREWS & KURTH L.L.P.
805 Third Avenue
New York, New York 10022
Telephone: (212) 850-2800
Facsimile : (212) 850-2929

PROPOSED COUNSEL FOR NEXTWAVE
TELECOM INC.

NO HEARING REQUIRED

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NEXTWAVE TELECOM INC., | : | Case No. 98 B 23303 (ASH) |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

(REQUEST FOR JOINT ADMINISTRATION WITH CASE NO. 98-21529 PENDING)

**APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a)
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
ANDREWS & KURTH L.L.P. AS
BANKRUPTCY AND LITIGATION COUNSEL FOR NEXTWAVE
TELECOM INC.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NextWave Telecom Inc. ("NTI"), one of the above-captioned debtors and debtors-in-possession, for its Application (the "Application") for an Order Pursuant to Sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") Authorizing the Employment of Andrews & Kurth L.L.P. as Bankruptcy and Litigation Counsel for NTI, respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1049.

## BACKGROUND

2. Simultaneously herewith (the "Petition Date"), NTI has commenced a case under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") by filing a voluntary petition for relief with this Court. No trustee, examiner or committee has been appointed in NTI's Chapter 11 case.

3. On June 8, 1998 each of NextWave Personal Communications Inc. ("NPCI"), NextWave Partners Inc. ("NPI"), NextWave Power Partners Inc. ("NPPI") and NextWave Wireless Inc. ("NWI" and, collectively with NPCI, NPI, NPPI and NTI the "Debtors"), wholly-owned direct and indirect subsidiaries of NTI, commenced cases under Chapter 11 of the Bankruptcy Code. Such cases are being jointly administered under the caption In re NextWave Personal Communications Inc., et al., Case No. 98-21529, before the Honorable Adlai S. Hardin, Jr. An Official Committee of

Unsecured Creditors was appointed in the Chapter 11 cases of NPCI, NPI, NPPI and NWI on June 25, 1998, pursuant to Section 1102 of the Bankruptcy. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their properties as debtors-in-possession.

4. The Debtors were formed to design, develop and operate Personal Communications Services ("PCS") networks across the country. Collectively, the Debtors hold licenses to provide PCS services that cover approximately 163 million potential wireless customers ("POPs") in a nationwide service area that includes New York, Los Angeles, Chicago, Philadelphia, San Francisco/Silicon Valley, Boston, Houston, Dallas, Washington, D.C., Detroit, and Atlanta.

5. The Debtors' business strategy is to create the first "carrier's carrier" in the PCS business, selling high-quality airtime on a wholesale basis to branded wireless providers who will, in turn, sell directly to consumers. By purchasing wholesale high-quality "minutes of use" from the Debtors, these providers will be able to offer competitively priced wireless services under their own brand names without substantial capital investment.

6. The Debtors are headquartered in Hawthorne, New York and have offices or presences in Texas, Virginia, California, Washington, D.C., New York, Maryland, Massachusetts and New Jersey.

7. NTI is a holding company, whose direct subsidiaries include NPCI, NPI, NPPI and NWI. NPI is an intermediate holding company whose principal asset is its 100% ownership of NPPI. In 1996, NPCI was named the high bidder for PCS licenses representing 110 million POPs in the C Block Auction conducted by the Federal Communications Commission (the "FCC"). In 1997, NPPI was named the high bidder for PCS licenses representing an additional 52.6 million POPs in the D, E and F Block Auction conducted by the FCC. NWI was formed to act as an operating

company that will construct PCS networks and provide wholesale PCS services in conjunction with the Debtors' strategic partners.

8. In connection with the operation of its business and in the ordinary course, NTI has made transfers of funds to each of NWI, NPI and NPI, in the aggregate amount of $618,090,000. These are undisputed non-priority unsecured claims and it is currently contemplated that all such intercompany claims will be extinguished pursuant to any proposed plan of reorganization. All of the Debtors operate for the benefit of each other and the whole, and they have a unity of interest in an effective reorganization that allows the build out of the PCS network and the implementation of the PCS licenses.

## RETENTION OF ANDREWS & KURTH L.L.P.

9. NTI desires to retain the law firm of Andrews & Kurth L.L.P. ("A&K") as its general bankruptcy and litigation counsel because of A&K's substantial expertise in bankruptcy matters, and because A&K is well qualified to represent NTI in connection with its restructuring matters. Pursuant to Section 327(a) of the Bankruptcy Code, NTI requests that this Court approve the retention of A&K to perform the extensive legal services that will be necessary during its Chapter 11 case. By Order dated November 13, 1998, NPCI, NPPI, NPI and NWI were authorized to retain A&K as bankruptcy and restructuring counsel nunc pro tunc to September 29, 1998.

10. A&K has been diligently working with and representing NPCI, NPPI, NPI and NWI in connection with their reorganization, such that A&K is already familiar with the Debtors' management team and pertinent restructuring issues. Accordingly, it is manifestly sensible to authorize NTI to employ A&K given not only A&K's familiarity with the other Debtors' cases, but the substantial savings that will result from the continuity of not having to bring new counsel into the fold and up to speed on all of the issues.

11. NTI will also be submitting an application to employ Weil, Gotshal & Manges L.L.P. ("WGM") as special corporate and corporate finance counsel. NTI proposes that the division of labor between A&K and WGM will be the same as it currently exists, with WGM being actively involved in the development of the financing plans and capital structure of the Debtors and assisting with the incorporation of such elements into the plans of reorganization for the Debtors.

12. NTI believes that employment of A&K as its bankruptcy and litigation counsel is necessary and appropriate. The services to be rendered by A&K will include, but not be limited to, the following:

  a. A&K will advise NTI with respect to its powers and duties as a debtor-in-possession, including the management of its assets;

  b. A&K will take all necessary action to protect and preserve the estate of NTI, including the prosecution of actions on behalf of NTI, the defense of any actions commenced against NTI, the negotiation of disputes in which NTI is involved, and the preparation of objections to claims filed against the estate;

  c. A&K will litigate any and all matters including the claims of the FCC or the treatment of such claims under a plan of reorganization;

  d. A&K will prepare on behalf of NTI, as a debtor-in-possession, all necessary motions, applications, answers, orders, reports, and papers in connection with the orderly administration of the estate;

  e. A&K will negotiate and prepare on behalf of NTI a plan of reorganization and related documents;

  f. A&K will perform all other necessary legal services in the formulation, negotiation and confirmation of a plan of reorganization and disclosure statement complying with the requirements of Chapter 11 of the Bankruptcy Code, which will be submitted to parties in interest after approval by the Court; and

  g. A&K will perform any and all other legal services for NTI that NTI determines are necessary and appropriate after advice from and consultation with A&K, including, but not limited to, prosecuting the previously commenced adversary proceeding against the FCC to avoid all or a portion of the obligations incurred as a result of the grant of the C block licenses.

13. The services proposed hereunder are intended to compliment and not duplicate the corporate finance role that NTI proposes for WGM.

14. To the best of NTI's knowledge and belief, except as otherwise set forth herein and in the Statement of Andrews & Kurth L.L.P. and Affidavit of Deborah L. Schrier-Rape Pursuant to Bankruptcy Rules 2014(a) and 2016(b) and Section 329 and 504 of the Bankruptcy Code (the "A&K Rule 2014 Statement"), filed concurrently herewith and attached as Exhibit A, the partners, associates and counsel of A&K do not represent any creditors or other parties to these proceedings, or their respective attorneys, in any matter that is adverse to the interests of NTI as a debtor-in-possession.

15. To the best of NTI's knowledge and belief, except as otherwise set forth in the A&K Rule 2014 Statement, (i) A&K does not hold any interest adverse to NTI as a debtor-in-possession or its estate in the matters upon which A&K is to be engaged and (ii) A&K is "disinterested", as that term is defined in Section 101(14) of the Bankruptcy Code.

16. A&K's compliance with the requirements of Sections 327 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 is set forth in greater detail in the A&K Rule 2014 Statement, attached hereto as Exhibit A.

17. The retention and employment of A&K would be to the material benefit of NTI and is in the best interests of the estate because of A&K's expertise in bankruptcy matters, generally, and in wireless PCS bankruptcies in particular, and A&K's prior experience in dealing with the FCC, including, but not limited to, prosecution of Adversary No. 98-5178, captioned *NPCI v. FCC*, as well as prosecution of a similar adversary proceeding in the General Wireless case and A&K's current representation of NPCI, NPPI, NPI and NWI.

18. A&K intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court.

19. NTI proposes that the compensation to be paid to A&K be based on the hourly rate for each attorney, paralegal or other person who performs services for or on behalf of the Debtors as then established and in effect for such person at A&K. The billing rates for attorneys at A&K range from $125 per hour to $575 per hour and the billing rates for paralegals at A&K range from $60 to $125 per hour. The attorneys primarily responsible for this matter will be Deborah L. Schrier-Rape, whose rate is $295 per hour, Paul N. Silverstein, whose rate is $390 per hour, Gregory H. Bevel, whose rate is $275 per hour, Jason S. Brookner, whose rate is $185 per hour and Michelle V. Larson, whose rate is $150 per hour. Other attorneys at A&K may be called upon from time to time to provide services in their particular area of expertise.

20. NTI further understands that A&K is customarily reimbursed for all expenses incurred by it in connection with the representation of a client in a given matter, including, but not limited to, photocopying services, delivery charges, travel expenses (including travel resulting from the primary staffing of this matter originating from A&K's Dallas office), overtime meals, long distance telephone calls, facsimile transmissions and specialized computer applications, such as legal research and filing fees. These charges are in addition to the hourly rates charged by A&K.

21. All of A&K's fees and expenses of course will be subject to Bankruptcy Court approval.

**NOTICE**

22. No trustee or examiner has been appointed in NTI's Chapter 11 case. Notice of this Application has been given to the Office of the United States Trustee, the Committee, Cellexis

International, Inc. and all parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 cases. In light of the nature of the relief requested herein, NTI submits that no additional notice is required and respectfully requests that any and all other and further notice be dispensed with and waived.

## WAIVER OF MEMORANDUM OF LAW

23. Given the nature of the relief requested herein, NTI respectfully requests that this Court dispense with and waive the requirement for the submission of a memorandum of law contained in the Local Bankruptcy Rule 9013-1(b).

## NO PREVIOUS REQUEST

24. No previous request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, NTI respectfully requests that this Court enter an order, substantially in the form attached as <u>Exhibit B</u>, (i) approving the retention and employment of the law firm of Andrews & Kurth L.L.P. as bankruptcy and litigation counsel for NTI and (ii) granting such other and further relief as may be just and proper.

Dated: New York, New York
December 22, 1998

**NEXTWAVE TELECOM INC.**

By: <u>s/Frank Cassou</u>
    Frank Cassou
    Executive Vice President, Corporate
      Development
    General Counsel
    Secretary